

January 11, 2022

VIA CERTIFIED U.S. MAIL
RETURN RECEIPT REQUESTED
AND VIA EMAIL

Michael S. Regan, Administrator
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460
Regan.Michael@epa.gov


**RE:    Notice of Intent to Sue EPA for Failure, Under Clean Water Act Section 303(c), 33 U.S.C. 1313(c), to Approve or Disapprove State of Montana's Revised Water Quality Standards, Senate Bill 358, 75-5-321 Montana Code Annotated**


Dear Administrator Regan:

This is a 60-day Notice under the Clean Water Act 33 U.S.C. § 1365(a)(2) on behalf of Upper Missouri Waterkeeper ("Waterkeeper").  The U.S. Environmental Protection Agency ("EPA") has failed to comply with its mandatory duty to review and approve or disapprove changes to a state's water quality standards under the Clean Water Act ("CWA") Section 303(c)(3), 33 U.S.C. § 1313(c)(3).  In Montana Senate Bill 358 ("SB 358") the State of Montana repealed EPA-approved numeric water quality standards for nutrients, reverting to generally-applicable narrative criteria.  Montana Governor Gianforte signed the bill on April 30, 2021.  As of the date of this Notice, EPA has failed to act to approve or disapprove those standards and is therefore in violation of statutory deadlines.

The Clean Water Act requires EPA to review and approve water quality standards before they can be effective.  EPA's review must be done within 60 days.  33 U.S.C. § 1313(c)(3). Where EPA disapproves a state standard, EPA must, within 90 days, inform the state of how to correct the standard, direct the state to correct the standard within 60 days from the date EPA informs the state of how to correct the standard, and where the state does not, EPA must promulgate federal regulations where it finds that a state's water quality standards are not consistent with the Clean Water Act's requirements or in any case necessary to meet the goals of the Clean Water Act.  33 U.S.C. §§ 1313(c)(3) and (c)(4).

EPA is in violation of its nondiscretionary duty to review and either approve or disapprove Montana's change in water quality standards within the statutorily-mandated 60 days and this letter constitutes a 60-day notice of intent to file a citizen suit against EPA pursuant to

NORTHWEST OFFICE    810 THIRD AVENUE, SUITE 610    SEATTLE, WA 98104

T: 206.343.7340    F: 415.217.2040    NWOFFICE@EARTHJUSTICE.ORG    WWW.EARTHJUSTICE.ORG

Case 4:22-cv-00032-BMM   Document 1-1   Filed 03/24/22   Page 2 of 6

U.S. Environmental Protection Agency, Office of the Administrator
Notice of Intent to Sue, Montana Water Quality Standards
January 11, 2022
Page 2

Section 505(a)(2) of the Clean Water Act, 33 U.S.C. § 1365(a)(2) and EPA's implementing regulations, 40 C.F.R. § 135.1(a) and 135.3(b).

I.     BACKGROUND

For over two decades, EPA has recognized the importance of developing numeric nutrient water quality criteria to protect designated uses of waterbodies (*e.g.*, drinking water, fishing, swimming) from nutrient pollution that is associated with increases in concentrations of nitrogen and phosphorus.[1]  In 2015, Montana adopted protective numeric nutrient criteria, recognizing that existing narrative criteria had failed to protect designated uses of Montana waters from the effects of increasing nutrient pollution.[2]  EPA approved Montana's nutrient water quality standards in 2015 as fully-supported by sound science and necessary to protect designated uses.[3]  Montana had adopted and EPA had approved a combination of reference and stressor-response approaches to nutrient water quality standards embodied in numeric nutrient criteria for nitrogen and phosphorus, grounded in sound science.[4]

During its 2021 session, the Montana legislature adopted SB 358 as state law under 75-5-321 MCA, wholly repealing Montana's numeric nutrient criteria[5] and requiring the Montana Department of Environmental Quality ("DEQ") to adopt implementation rules pursuant to SB 358 by March 1, 2022.  SB 358 eliminates the State's science-based numeric nutrient water quality criteria that the state and EPA previously found are necessary to protect designated uses of Montana waters from the harmful effects of nutrient pollution.  The state and EPA also previously found that narrative criteria were inadequate to protect designated uses of Montana waters.  In addition, SB 358 adds new "nonsignificance" criteria that revise and weaken Montana's antidegradation policy (called "nondegradation" in Montana) to include a whole new suite of exemptions allowing for degradation of local water quality.

---

[1] EPA, "Nutrient Criteria Development; Notice of Nutrient Criteria Technical Guidance Manual: Rivers and Streams," 65 Fed. Reg. 46167 (July 27, 2000).

[2] Suplee, Watson, Nov. 2008. "Scientific and Technical Basis of the Numeric Nutrient Criteria for Montana's Wadeable Streams and Rivers" (hereinafter "Technical Basis NNC 2008"); Suplee, M.W., and V. Watson, 2013. "Scientific and Technical Basis of the Numeric Nutrient Criteria for Montana's Wadeable Streams and Rivers—Update 1. Helena, MT: Montana Dept. of Environmental Quality," (hereinafter "Technical Basis NNC 2013"); Montana DEQ Circular 12-A, "Numeric Nutrient Criteria in Montana," July 2014 Final Edition (2014) (hereinafter "Circular 12-A"); DEQ, "Notice of Public Hearing on Proposed Amendment (Water Quality), MAR Notice No. 17-356 281," February 3, 2014.

[3] EPA Region 8, "EPA Action on Montana's Numeric Nutrient Criteria and Variance Rules," February 26, 2015 (hereinafter "EPA 2015 Action").

[4] Technical Basis NNC 2013; EPA 2015 Action.

[5] Circular 12-A.

Case 4:22-cv-00032-BMM   Document 1-1   Filed 03/24/22   Page 3 of 6

U.S. Environmental Protection Agency, Office of the Administrator
Notice of Intent to Sue, Montana Water Quality Standards
January 11, 2022
Page 3

DEQ has already applied the weaker narrative water quality standards to a permit application under the Clean Water Act (City of Helena) (requiring no effluent limits for nutrients)[6] and issued a draft rulemaking implementing SB 358 on December 23, 2021.[7] Waterkeeper notified EPA in writing of Montana's proposed legislation on April 23, 2021, and filed a petition with EPA to act on Montana's legislation on May 24, 2021.[8]

## II.   LEGAL FRAMEWORK

Whenever a state revises its water quality standards, it is required to submit them to the EPA Administrator.  33 U.S.C. § 1313(c)(1), (c)(2).  EPA's regulations require that states submit revised standards "within 30 days of the final state action to adopt and certify the revised standard."  40 C.F.R. § 131.20(c).  EPA shall either approve the revised standards within 60 days or deny them within 90 days.  *Id.* § 131.21(a).  EPA must base its decision on the requirements of the Clean Water Act, as described in EPA's regulations.  *Id.* §§ 131.5 and 131.6.  EPA must promulgate federal regulations for a state where a state fails to comply with EPA's disapproval of a change or if the Administrator determines that the state's revised standards are inconsistent with the Clean Water Act or in any case where the Administrator determines a revised standard is necessary to meet the requirements of the Clean Water Act.  33 U.S.C. § 1313(c)(4).  Failure of a state to submit revised standards to EPA for approval is not an excuse for EPA's failure to act.  *See*, analogous case in *Columbia Riverkeeper v. Wheeler*, 944 F.3d 1204, 1208-1211 (9th Cir. 2019) (failure by states to submit TMDLs was constructive submission that triggered EPA's duty to approve or disapprove TMDL).

EPA must approve or disapprove a state's water quality standards by determining, among other things, whether the state has adopted designated water uses consistent with the Clean Water Act, whether the state has adopted criteria that protect the designated water uses based on sound scientific rationale, whether the state has adopted an antidegradation policy consistent with EPA's regulations, whether the state standards are based on appropriate technical and scientific data and analyses, and whether the state has followed the applicable legal procedures

---

[6] Letter from Guy Alsentzer, Executive Director Missouri Waterkeeper, to Joe Kenning, Bureau Chief Montana DEQ Water Quality Division, "Comments Opposing Proposed Terms for Renewal of MPDES Permit No. MT0022641, the City of Helena's WWTP, PN #MT-21-16," August 11, 2021 (Attachment 1).  DEQ's consideration of Helena's permit is currently on hold and it continues to operate under its expire permit that has no numerical nutrient limits in effluent.

[7] Comment period closes on February 8, 2022.  Montana DEQ, "Notice of Public Hearing on Proposed Amendment of ARM 17.30.1304 and Adoption of New Rule," December 23, 2021, available at: https://deq.mt.gov/News/publiccomment-folder/news-article46 (last accessed January 10, 2022).

[8] Letter from Guy Alsentzer, Executive Director Missouri Waterkeeper, to Michael S. Regan, EPA Administrator, "Petition for Rulemaking on Water Quality Standards in the State of Montana," May 24, 2021 (Attachment 2).

Case 4:22-cv-00032-BMM   Document 1-1   Filed 03/24/22   Page 4 of 6

U.S. Environmental Protection Agency, Office of the Administrator
Notice of Intent to Sue, Montana Water Quality Standards
January 11, 2022
Page 4

for revising or adopting standards.  33 U.S.C. § 1313(c)(2)(a); 40 C.F.R. § 131.21(b), 131.5, and 131.6.  Water quality standards must protect the public health or welfare, enhance the quality of water and wherever attainable, provide water quality for the protection and propagation of fish, shellfish and wildlife and for recreation in and on the water, taking into account their use and value of public water supplies, and agricultural, industrial, and other purposes including navigation.  33 U.S.C. § 1313(c)(2)(A).

### III.  EPA'S VIOLATION

EPA is in violation of its nondiscretionary duty under the Clean Water Act to approve or disapprove Montana's revised water quality standards within 60 days, in compliance with the statute and the deadlines in its own implementing regulations.  33 U.S.C. § 1313(c)(3) and (c)(4); 40 C.F.R. § 131.21(a).

Montana has not submitted its revised water quality standards to EPA. Montana's revised water quality standards became immediately effective under Montana state law on April 30, 2021, when Governor Gianforte signed SB 358.  From that date, the State of Montana had 30 days until May 30, 2021, to submit its revised standards to EPA for review, over seven months ago.  40 C.F.R. § 131.20(c).  In that time, Montana DEQ has already attempted to apply the revised standards to the City of Helena's permit renewal.  It has also issued draft regulations purportedly implementing SB 358 on December 23, 2021, and will finalize these regulations by March 1, 2022, as required by SB 358.

Under the express direction of the Clean Water Act as well as EPA's regulations, EPA had 60 days to approve (July 29, 2021) or 90 days to disapprove (August 28, 2021) Montana's revised standards.  33 U.S.C. § 1313(c)(3); 40 C.F.R. § 131.21(a).  By letter dated April 23, 2021, Waterkeeper advised EPA of the pending SB 358 and the likelihood that the bill would pass.  By letter dated May 24, 2021, Waterkeeper provided EPA with the finalized legislative action, signed by the Governor putting EPA on formal notice that the standards had been revised.  Waterkeeper further notified EPA, through a copy of its comments, of the actions on the City of Helena permit.  EPA has taken no action to review, approve, or disapprove the revisions to Montana's water quality standards.[9]

While EPA regulations purport to create a backstop that makes Montana's existing water quality standards applicable until EPA itself approves a change to that water quality standard, 40 C.F.R. § 131.21(c)-(e), Montana's actions demonstrate that DEQ will not apply existing numeric

---

[9] EPA attended Montana DEQ's August "nutrient workgroup technical subcommittee meetings" and provided comments by letter to Montana DEQ on the revised water quality standards.  While EPA indicated an intention to review Montana's revised water quality standards, it has not done so and is past its statutory deadline.  *See* Letter from Andrew Todd, Chief, Water Quality Section, EPA Region 8, to Galen Steffens, Water Quality Planning Bureau Chief, Montana DEQ, "EPA Comments on Montana's Proposed Response Variables and Associated Thresholds," August 18, 2021 (Attachment 3).

Case 4:22-cv-00032-BMM   Document 1-1   Filed 03/24/22   Page 5 of 6

U.S. Environmental Protection Agency, Office of the Administrator
Notice of Intent to Sue, Montana Water Quality Standards
January 11, 2022
Page 5

nutrient water quality standards.  Upon information and belief, Montana has never applied nutrient criteria to create new limits on nutrient pollutant discharges since adoption of such criteria in 2015.  EPA has actual knowledge of the revision to and weakening of nutrient standards pursuant to Montana state law.  EPA cannot stand by and watch Montana implement revised water quality standards that do not comply with the Clean Water Act and EPA's regulations.  EPA is ultimately responsible for the administration of the Clean Water Act and cannot avoid its mandatory duty.  33 U.S.C. §§ 1313(c), 1251(d).

In exercising its mandatory duty to act on Montana's revised water quality standards within 60 days, EPA should disapprove the state's revised water quality standards and promulgate its own regulations setting water quality standards pursuant to Clean Water Act Section 303(c)(3) and (c)(4) because the state's revised standards violate the Clean Water Act.  Montana's revised water quality standards reverse critical protections for designated uses under the CWA and are indefensible.  There is no record or science-based findings accompanying SB 358 to support Montana's revised water quality standards, to demonstrate compliance with the CWA's direction to protect existing or designated uses, to justify repeal of numeric water quality criteria, to substitute less-protective narrative criteria or reliance on a new and unproven adaptive management program for nutrient pollution, or supporting the statutory adoption of new nonsignificance exemptions for nutrients.

### IV.     IDENTITY AND ADDRESSES OF WATERKEEPER

Guy Alsentzer, Executive Director
Upper Missouri Waterkeeper
24 S. Willson Ave, Suites 6-7
Bozeman, MT 59715

Janette Brimmer
Paulo Palugod
Counsel for Waterkeeper
Earthjustice
810 Third Ave, Suite 610
Seattle, WA 98144

### V.     CONCLUSION

EPA is in continuing violation of its nondiscretionary duty under the CWA and this letter constitutes a 60-day notice of intent to file a citizen suit against EPA pursuant to Section 505(a)(2) of the CWA, 33 U.S.C. § 1365(a)(2) and EPA's implementing regulations, 40 C.F.R. § 135.1(a) and 135.3(b).

It is urgent that EPA immediately disapprove Montana's revised water quality standards because Montana DEQ has issued draft rules to implement the water quality standards that will be final on March 1, 2022.  Waterkeeper believes that this issue can be resolved without

U.S. Environmental Protection Agency, Office of the Administrator
Notice of Intent to Sue, Montana Water Quality Standards
January 11, 2022
Page 6

litigation and without diverting resources to court proceedings. We stand ready to work with you in good faith to resolve these violations. However, unless this violation is cured within sixty days, we reserve the right to take appropriate legal action to compel EPA to comply with the CWA to protect Montana's waters from nutrient pollution.

Sincerely,

Paulo Palugod
Janette K. Brimmer

encls.
cc (via First Class Mail and email where available):

Kathleen Becker, Regional Administrator
U.S. EPA, Region 8 Headquarters
1595 Wynkoop Street
Denver, CO 80202-1129
Becker.KC@epa.gov

Merrick B. Garland, U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Chris Dorrington, Director
Montana Department of Environmental Quality
P.O. Box 200901
Helena, MT 59620-0901
cdorrington@mt.gov